DEFV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANDRE MOORE,

                Petitioner,

  -against-                                **MEMORANDUM & ORDER**

WARDEN MCLAUGHLIN, R.N.D.C.          07 CV 4976 (RJD)
FACILITY,

                Respondent.
----------------------------------------X
DEARIE, Chief Judge:

On November 17, 2007, petitioner, then incarcerated at Rikers Island, filed this petition, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2007 Kings County conviction, upon his guilty plea, for conspiracy and attempted criminal possession of a controlled substance on several grounds including that no lab report existed supporting the indictment and plea. By Order dated December 21, 2007, respondent was directed to show cause why a writ for habeas corpus should not issue. Respondent's opposition to the petition, filed February 22, 2008, argues that the petition should be dismissed because petitioner has failed to exhaust his state remedies. For the reasons set forth below, the Court dismisses the petition without prejudice.

## DISCUSSION

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must exhaust available state remedies. See 28 U.S.C. § 2254(b) and (c); Woodford v. Ngo, 548 U.S. 81, 92 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process") (citation and

internal quotation marks omitted); Jimenez v. Walker, 458 F.3d 130, 148-49 (2d Cir. 2006); Daye v. Attorney General of New York, 696 F.2d 186, 190 (2d Cir. 1982) (*en banc*). Premised on the principles of comity, the exhaustion doctrine "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," Daye, 696 F.2d at 191, and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." Id. (citation omitted).

Here, it is clear that petitioner has not exhausted his available state court remedies. Petitioner was arrested on August 4, 2004. On May 2, 2007, defendant pleaded guilty to conspiracy in the fourth degree, New York Penal Law § 105.10, and attempted criminal possession of a controlled substance in the fifth degree, New York Penal Law § 110. On October 30, 2007, petitioner was sentenced to a prison term of one and one-half to three years. On November 16, 2007, he completed the instant petition and on November 17, 2007, submitted it to prison authorities for mailing. The next day, November 20, 2007, petitioner filed a timely notice of appeal. (Aff. in Opp'n at ¶ 7.) According to respondent, and undisputed by petitioner, that appeal is pending in the Appellate Division. Id. By letter dated May 9, 2008, respondent informed the Court that on February 26, 2006, petitioner was assigned appellate counsel but that his appeal had not yet been perfected. Accordingly, this petition is premature and must be dismissed. See 28 U.S.C. § 2254 (b)(1)(A), (c). Because the petition contains no unexhausted claims, this Court has no basis to retain jurisdiction by staying the petition while petitioner exhausts his state court remedies. See Harris v. N.Y.S. Division of Parole, No. 06-CV-5893, 2007 WL 1988823, at *3 (E.D.N.Y. July 5, 2007) (collecting cases).

By letter dated February 26, 2008, petitioner informed the Court that he is no longer at Rikers Island and is residing at 1685 N. Gardiner Drive, Bayshore, NY 11706. Respondent has confirmed, by letter dated May 9, 2008, that petitioner was released on parole in February and will remain on parole until February 2009.

Habeas relief is available only to petitioners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). Despite his release, petitioner remains "in custody" for purposes of the habeas statute until his parole term expires. Jones v. Cunningham, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in . . . 'custody' . . . within the meaning of the habeas corpus statute."); see also Eisemann v. Herbert, 401 F.3d 102, 105 n.1 (2d Cir. 2005) (citing Jones). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (per curiam) (stating the negative implication of the holding in Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

Generally, the one-year statute of limitations period for filing a petition for a writ of habeas corpus runs from the date the challenged state conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). If petitioner's conviction is affirmed by the Appellate Division, he must seek leave to appeal to the New York Court of Appeals to exhaust his claims. If he is denied relief, his conviction will become final upon the expiration of the 90-day period for seeking a writ of certiorari from the decision of the New York Court of Appeals. See Williams v. Artuz,

237 F.3d 147, 150-51 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001).

The Court notes that petitioner's current term of parole will expire before the expiration of the statute of limitations. Petitioner must re-file his petition prior to the expiration of his parole term in order to satisfy the "in custody" requirement.

## CONCLUSION

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice for the reasons set forth above. A certificate of appealability will not issue. 28 U.S.C. § 2253; see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
June 19, 2008

RAYMOND J. DEARIE
United States District Judge